# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1809V

|  |  |
|---|---|
| SUSAN LITTLE,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: December 11, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION AWARDING DAMAGES[1]

  On November 26, 2018, Susan Little filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on October 3, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On January 21, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On December 11, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a lump sum payment of $276,633.60, representing compensation for life care expenses expected to be incurred during the first year after judgment ($13,008.89), pain and suffering ($250,000.00), and past unreimbursable expenses ($13,624.71), a lump sum payment of $18,895.89, representing compensation for satisfaction of the Ohio Department of Medicaid lien, and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

an amount sufficient to purchase an annuity contract, subject to the conditions described in the attached Proffer. Proffer at 1-3. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **A lump sum payment of $276,633.60, representing compensation for life care expenses expected to be incurred during the first year after judgment ($13,008.89), pain and suffering ($250,000.00), and past unreimbursable expenses ($13,624.71) in the form of a check payable to Petitioner, Susan Little.**

B. **A lump sum payment of $18,895.89, representing compensation for satisfaction of the Ohio Department of Medicaid lien, payable jointly to Petitioner and**

> **Treasurer, State of Ohio**
> **Ohio Tort Recovery Unit**
> **5475 Rings Road Suite 125**
> **Dublin, OH 43017**
> **Case Number: 1204982**
> **Attn: Tanika Cosby**

**Petitioner agrees to endorse this payment to Treasurer, State of Ohio.**

C. **An amount sufficient to purchase an annuity contract, subject to the conditions described in the attached Proffer.**

These amounts represent compensation for all damages that would be available under Section 15(a). The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SUSAN LITTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 18-1809V |
| v. | ) Chief Special Master Corcoran |
| | ) ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On November 26, 2018, Susan Little ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered Guillain-Barré Syndrome ("GBS") resulting from an influenza ("flu") vaccination she received on October 3, 2016. Petition at 1 (ECF No. 1). On January 21, 2020, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner has satisfied the criteria set forth in the Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI). Respondent's Report (ECF No. 27). Accordingly, on February 24, 2020, the Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for GBS following the influenza vaccine she received on November 26, 2018. ECF No. 31.

**I.     Items of Compensation**

      A.     <u>Life Care Items</u>

Respondent engaged life care planner Laura E. Fox, MSN, BSN, RN, CNS, CLCP, and petitioner engaged life care planner, Maureen Clancy, RN BSN CLCP, to provide an estimation of petitioner's future vaccine-injury related needs. For the purposes of this proffer, the term

"vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in respondent's life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Susan Little, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in respondent's life care plan and illustrated by the chart attached at Tab A.[1] Petitioner agrees.

    B.    Pain and Suffering

Respondent proffers that petitioner should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    C.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $13,624.71. Petitioner agrees.

    D.    Medicaid Lien

Respondent proffers that Susan Little should be awarded funds to satisfy a State of Ohio Medicaid lien in the amount of $18,895.89, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of Susan Little from the date of her eligibility for benefits through the date of judgment in this case

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

as a result of her vaccine-related injury suffered on or about October 3, 2016, under Title XIX of the Social Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $276,633.60, representing compensation for life care expenses expected to be incurred during the first year after judgment ($13,008.89), pain and suffering ($250,000.00), and past unreimbursable expenses ($13,624.71) in the form of a check payable to petitioner, Susan Little.

B. A lump sum payment of $18,895.89, representing compensation for satisfaction of the Ohio Department of Medicaid lien, payable jointly to petitioner and

>  Treasurer, State of Ohio
>  Ohio Tort Recovery Unit
>  5475 Rings Road Suite 125
>  Dublin, OH 43017
>  Case Number: 1204982
>  Attn: Tanika Cosby

Petitioner agrees to endorse this payment to Treasurer, State of Ohio.

C. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein,

3

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Susan Little, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner.  Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5]  Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Susan Little, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Susan Little's death.

3. <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.   Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Susan Little:    **$ 276,633.60**

    B.    Medicaid lien:    **$ 18,895.89**

    C.    An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

s/*Mark K. Hellie*
MARK K. HELLIE
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
T: (202) 616-4208
E: mark.hellie@usdoj.gov

Dated:   December 11, 2024

Appendix A: Items of Compensation for Susan Little                                              Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-Life |
|---|---|---|---|---|---|
| | | | | 2024 | 2025-Life |
| Neurologist | 5% | * | | 70.00 | 70.00 |
| Urologist | 5% | * | | 70.00 | 70.00 |
| Dentist | 5% | * | | | |
| Labs | 5% | * | | | |
| MRI | 5% | * | | 195.00 | 39.00 |
| X-rays | 5% | * | | 50.00 | 25.00 |
| Klonipin | 5% | * | M | 50.40 | 50.40 |
| Lyrica | 5% | * | M | 108.00 | 108.00 |
| Myrbetriq | 5% | | M | 800.00 | 800.00 |
| Trospium Chloride | 5% | | M | 1,094.40 | 1,094.40 |
| Colace | 4% | * | | | |
| Physical Therapy | 4% | * | | 480.00 | 160.00 |
| Swim Therapy | 4% | * | | | |
| Cane | 4% | | | 33.75 | 5.63 |
| Walker | 4% | * | | 5.07 | 5.07 |
| Swivel Shower Chair | 4% | * | | | |
| Handheld Shower | 4% | | | 42.34 | 7.06 |
| Raised Toilet Seat | 4% | | | 236.47 | 39.41 |
| Lift Chair | 4% | * | | 879.00 | |
| Bed Rail | 4% | | | 69.99 | |
| Grooming Items | 4% | | | 150.00 | 50.00 |
| Kitchen & Writing Aids | 4% | | | 150.00 | 30.00 |
| Emergency Response System | 4% | * | | | |
| Incontinence Supplies | 4% | | | 724.26 | 724.26 |
| Wipes | 4% | | | 243.33 | 243.33 |
| Home Care | 4% | | M | 7,488.00 | 17,472.00 |
| Neurologist Mileage | 4% | | | 12.60 | 12.60 |
| Urologist Mileage | 4% | | | 19.32 | 19.32 |
| Dentist Mileage | 4% | | | 21.84 | 21.84 |
| Physical Therapy Mileage | 4% | | | 15.12 | 5.04 |
| Pain and Suffering | | | | 250,000.00 | |
| Past Unreimbursable Expenses | | | | 13,624.71 | |
| Medicaid Lien | | | | 18,895.89 | |
| Annual Totals | | | | 295,529.49 | 21,052.36 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care
expenses ($13,008.89), pain and suffering ($250,000.00), and past unreimbursable expenses ($13,008.89): $276,633.60.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioner and the Treasurer, State of Ohio, as reimbursement of the state's Medicaid lien: $18,895.89.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.